**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| NICHOLAS D. MOSSER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.  4:15-CV-00430-ALM-CAN |
| AETNA LIFE INSURANCE COMPANY, | § § | |
| Defendant. | § § § | |

**ORDER**

Pending before the Court is eHealthInsurance Services, Inc.'s ("eHealth") Motion to Bifurcate for Separate Trial or, in the Alternative, to Sever its Cross Claim Against Aetna Life Insurance Company ("Motion") [Dkt. 163].  Therein, eHealth requests the Court bifurcate its cross-claim for contribution or indemnification asserted against Defendant Aetna Life Insurance Company ("Aetna") pursuant to Federal Rule of Civil Procedure 42(b), or, in the alternative, sever its cross-claim pursuant to Federal Rule of Civil Procedure 21 [Dkt. 163 at 5-10].  Aetna's Response states its opposition to bifurcation because of its purported right to arbitration arising from a Producer Agreement between Aetna and eHealth; however, Aetna agrees to severance of eHealth's cross-claim and the deference of consideration of any indemnity rights to a separate action until any right to indemnity arises out of a resolution of Plaintiff Nicholas D. Mosser's claims [Dkt. 165 at 1-2]. On November 13, 2016, eHealth filed its Reply to Aetna's Response to Motion to Bifurcate or Sever Cross Claim [Dkt. 166] asserting that bifurcation was proper, but stating its agreement that "the appropriate relief is for this Court to sever eHealth's indemnification cross claim against Aetna from this suit as an entirely separate action under Rule 21, to direct the

ORDER – Page 1

separate suit be assigned to this Court, and to stay further proceedings in the separate suit pending the final outcome of this case" [Dkt. 166 at 3].

Pursuant to Federal Rule of Civil Procedure 42(b), the Court may bifurcate the issues in a case into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." FED. R. CIV. P. 42(b).  In addition, Rule 21 of the Federal Rules of Civil Procedure permits a court, in its discretion, to "sever any claim against a party."  FED. R. CIV. P. 21.  Here, the Parties agree severance of eHealth's cross-claim for contribution or indemnification pursuant to Texas Business and Commerce Code § 17.555, and the deference of consideration of indemnity rights to a separate action until any right to indemnity arises out of a resolution of Plaintiff's claims is proper [Dkt. 163 at 10-11; Dkt. 165 at 2].  The Court, after review of eHealth's Motion, Aetna's Response [Dkt. 165], eHealth's Reply [Dkt. 166], all other relevant filings, and the arguments and agreements of the Parties, **GRANTS** a severance of eHealth's cross-claim.  Accordingly,

**IT IS THEREFORE ORDERED** that eHealth's Motion to Bifurcate for Separate Trial or, in the Alternative, to Sever its Cross Claim Against Aetna Life Insurance Company [Dkt. 163] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that eHealth's cross-claim for contribution or indemnification pursuant to Texas Business and Commerce Code § 17.555 against Aetna Life Insurance Company be severed into a new cause number.

**IT IS FURTHER ORDERED** that the filing fee is waived for the new cause number.  The Clerk of the Court shall docket in the newly-created cause number this Order as well as eHealth's Answer and Counterclaim to Plaintiff's First Amended Complaint [Dkt. 59], Aetna Life Insurance Company's Answer to eHealth's Crossclaim [Dkt. 68], and eHealth's Answer and Counterclaim to Plaintiff's Second Amended Complaint [Dkt. 69].

**IT IS FURTHER ORDERED** that the Clerk of the Court shall assign a new cause number for the severed claim assigned to the undersigned and The Honorable Amos L. Mazzant, District Judge for the United States District Court of the Eastern District of Texas.

**IT IS SO ORDERED**

**SIGNED this 10th day of April, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE