IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| NICHOLAS D. MOSSER, On behalf of himself, and all others similarly situated, Plaintiff, v. AETNA LIFE INSURANCE COMPANY AND EHEALTH INSURANCE SERVICES INC., Defendants. | § § § § § § § § § § § § § § CAUSE NO. 4:15-CV-00430-ALM |

**AETNA'S ANSWER TO EHEALTH'S CROSSCLAIM**

Defendant Aetna Life Insurance Company ("Aetna") answers the Crossclaim of eHealth Insurance Services Inc. ("eHealth") as follows. Except as otherwise expressly admitted herein, Aetna denies each and every allegation in the Crossclaim. Aetna has conducted a reasonable investigation into eHealth's allegations, and into the underlying allegations of Plaintiff, but its investigation continues; thus while Aetna presently lacks knowledge or information sufficient to form a belief about the truth of some allegations, its investigation may later reveal additional information.

**I.
RESPONSES TO ALLEGATIONS**

1. Aetna admits that eHealth provided users of its website access to information or content created by Aetna with respect to the insurance policies offered by Aetna. Aetna lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies those allegations.

2. Aetna admits that Plaintiff alleges that certain information he received was false

or deceptive in certain respects, and/or that said information failed to disclose information necessary in order to make the statements not misleading. Plaintiff has not identified all information that forms the basis of his claims, and continues to attempt to amend and add to those claims. Aetna thus lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and therefore denies those allegations.

3. No response is required to the allegations in this paragraph, which are legal conclusions.

4. Aetna admits that eHealth has denied that any of Plaintiff's allegations pertaining to the policy information contained on eHealth's with respect to the Aetna Policy was false, misleading, or deceptive; that there is any validity to any of Plaintiff's claims and allegations in this case; or that there is any basis in law or fact to support any liability against eHealth or Aetna. Aetna denies that eHealth is or will be entitled to contribution and/or indemnification from Aetna for any sums eHealth is required to pay as a result of this lawsuit, including attorneys' fees or costs.

5. Aetna denies that eHealth is entitled to any of the relief sought against Aetna in its prayer paragraph, and requests that the Court deny all such relief against Aetna in its entirety and with prejudice.

## II.
## DEFENSES

In further answering eHealth's Crossclaim, Aetna pleads the following defenses and/or affirmative defenses, without admitting that Aetna would bear the burden of proof on any of the following:

### FIRST AFFIRMATIVE DEFENSE

1. eHealth has failed, in whole or in part, to take appropriate actions to mitigate its

damages, if any.

## SECOND AFFIRMATIVE DEFENSE

2. eHealth's claim is barred, in whole or in part, by the doctrines of estoppel, ratification, waiver, or release.

## THIRD AFFIRMATIVE DEFENSE

3. Aetna denies that eHealth has met all conditions precedent to bringing this claim.

## FOURTH AFFIRMATIVE DEFENSE

4. The claims asserted by the Plaintiff, which give rise to eHealth's claim, do not arise from any conduct by Aetna, but instead arise, if at all, out of the conduct, acts, and/or omissions of Plaintiff and/or eHealth, and such conduct, acts and/or omissions operate as the sole proximate and/or producing cause of Plaintiff's allegations and all of the injuries and damages claimed by Plaintiff and by eHealth.

## FIFTH AFFIRMATIVE DEFENSE

5. eHealth's claim is barred in whole or in part because of eHealth's actual knowledge and/or negligence.

6. Aetna reserves the right to assert any other defenses that discovery may reveal.

WHEREFORE, Aetna respectfully prays that on final hearing hereof, the Court enter judgment that eHealth take nothing by way of its claim against Aetna; that Aetna receive judgment for and recover all costs of suit and attorneys' fees and costs; and for such other and further relief, general or specific, to which Aetna may be justly entitled, either at law or in equity.

Case 4:15-cv-00240-A Document 86 Filed 04/13/16 Page 4 of 5 PageID #8919

Dated: March 15, 2016  Respectfully submitted,

BAKER BOTTS L.L.P.

By: s/ *Earl B. Austin*
    Earl B. Austin - *Lead Attorney*
    Texas Bar No. 01437300
    30 Rockefeller Plaza
    New York, New York 10112
    (212) 408-2564
    (212) 259-2564 fax
    earl.austin@bakerbotts.com

    John B. Lawrence
    Texas Bar No. 24055825
    2001 Ross Avenue, Suite 600
    Dallas, Texas 75201
    (214) 953-6873
    (214) 661-6873 fax
    john.lawrence@bakerbotts.com

    *Counsel for Defendant*
    *Aetna Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, a true and correct copy of the foregoing was served on all counsel of record via the Court's ECF system.

s/ *Earl B. Austin*
Earl B. Austin
