**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NICHOLAS D. MOSSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:15-CV-00430-ALM- CAN |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| AND EHEALTH INSURANCE SERVICES | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**EHEALTH INSURANCE SERVICES, INC.S ANSWER AND COUNTERCLAIM TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, eHealth Insurance Services, Inc. ("eHealth"), hereby files its Answer to

Plaintiff Nicholas D. Mosser's Second Amended Complaint filed in this lawsuit on February 19,

2016 ("Plaintiff's Second Amended Complaint") and respectfully shows as follows:

**I.**
**ANSWER**

1.      Defendant eHealth lacks sufficient information to either admit or deny the

residence address of the Plaintiff stated in paragraph 1 of Plaintiff's Second Amended

Complaint, and it therefore denies those allegations.

2.      Defendant eHealth has insufficient information to either admit or deny the

allegations set forth in paragraph 2 of Plaintiff's Second Amended Complaint, and it therefore

denies the same.

3.      Defendant eHealth admits that it is not a resident of the State of Texas and that it

did receive service of Plaintiff's Second Amended Complaint as alleged in paragraph 3 of

DEFENDANT EHEALTH'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S SECOND
AMENDED COMPLAINT                                                                                      1

Plaintiff's Second Amended Complaint. Defendant eHealth admits that, as an independent insurance agent, it makes available to users of its website information pertaining to insurance policies offered by a variety of carriers, including Aetna Life Insurance Company, as well as facilitating the ability of its website users to apply online for and obtain coverage under those policies subject to the approval of the applicable carrier. Defendant eHealth denies, however, that it has the authority to approve or bind coverage on behalf of any of its participating carriers.

4.       Defendant eHealth is not required to respond to the designation of counsel set forth in paragraph 4 of Plaintiff's Second Amended Complaint.

5.       Defendant eHealth will specifically respond to each of the allegations contained in paragraphs 1 through 130 of Plaintiff's Second Amended Complaint.

6.       Defendant eHealth admits that this Court has subject matter jurisdiction over this suit as alleged in paragraph 7 of Plaintiff's Second Amended Complaint.

7.       Defendant eHealth admits that venue is proper in the Eastern District of Texas as alleged in paragraph 8 of Plaintiff's Second Amended Complaint, although it can neither admit nor deny that the Plaintiff is a resident of Collin County.

8.       Defendant eHealth is not required to either admit or deny that Plaintiff is seeking to bring this suit as a class action as alleged in paragraph 8 of Plaintiff's Second Amended Complaint, but it denies that class certification would be appropriate in this case in accordance with the applicable standards and provisions of Rule 23 of the Federal Rules of Civil Procedure.

9.       Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.       Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

11.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

12.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

15.     Defendant eHealth will specifically respond to the allegations contained in paragraphs 1-130 of Plaintiff's Second Amended Complaint.

16.      Defendant eHealth has insufficient information to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint, and it therefore denies the same.

17.     Defendant eHealth admits that Plaintiff applied to Aetna through the eHealth website for coverage under a "TX Aetna Gold $5 Copay" policy ("Aetna Policy") on or about December 30, 2014; that Defendant eHealth was advised by Aetna on or about January 1, 2015, of Aetna's receipt and approval of Plaintiff's application for coverage under the Aetna Policy; and that the stated effective date of Plaintiff's coverage as established by Aetna was February 1, 2015.  Otherwise, Defendant eHealth denies the remaining allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     Defendant eHealth has insufficient information to either admit or deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Defendant eHealth admits that it included on its website information pertaining to

the Aetna Policy, as approved and provided to it by Aetna, including the quoted information set forth in paragraph 19 of Plaintiff's Second Amended Complaint. Defendant eHealth denies, however, that the information relating to the Aetna Policy included and/or referenced on its website was limited to the quoted information in paragraph 19 of the Second Amended Complaint.

20. Defendant eHealth lacks sufficient information to either admit or deny the allegations set forth in paragraph 20 of Plaintiff's Second Amended Complaint.

21. Defendant eHealth denies each and every, all and singularly, the allegations set forth in paragraph 21 of Plaintiff's Second Amended Complaint.

22. Defendant eHealth denies that it provided any information regarding the Aetna Policy to the Plaintiff other than that information contained on its website for said policy, and it further denies each and every, all and singularly, the remaining allegations set forth in paragraph 22 of Plaintiff's Second Amended Complaint.

23. Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

24. Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25. Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

26. Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

27.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

28.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

30.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

31.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 31 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

32.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

33.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

34.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

35.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

36.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

37.     Defendant eHealth denies the allegation in paragraph 37 of Plaintiff's Complaint that the information made accessible to the Plaintiff through the eHealth website for the Aetna Policy did not put Plaintiff on notice that a policy holder would be required to pay the difference in cost between a brand drug and a generic drug when a generic drug was available. . Furthermore, Defendant eHealth categorically denies that any information contained on the eHealth website regarding the Aetna Policy, or otherwise, stated or implied that "ALL brand name drugs without exclusion would be provided for either $35 or $70 per 30-day supply of each prescription drug" as alleged in paragraph 37 of Plaintiff's Complaint.

38.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 38 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

39.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

40.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

41.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

42.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 42 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

43.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

44.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

45.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

46.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

47.     Defendant eHealth admits that users of its website, including the Plaintiff, were directed how to obtain for review the "Summary of Benefits and Coverage" document applicable to the Aetna Policy, and that Aetna also directed the Plaintiff to review that document attached to Plaintiff's Second Amended Complaint as Exhibit F, as alleged in paragraph 47 of Plaintiff's Second Amended Complaint.   Otherwise, Defendant eHealth lacks sufficient information to

either admit or deny the allegations contained in that paragraph of Plaintiff's Second Amended Complaint with respect to what communications occurred between Plaintiff and representatives of Aetna or what policy documents Aetna made available to the Plaintiff for the Aetna Policy, and it therefore likewise denies those allegations.

48.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 48 of Plaintiff's Second Amended Complaint with respect to what communications occurred between the Plaintiff and Aetna, and it therefore denies those allegations.

49.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

50.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 50 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

51.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

52.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

53.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

54.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

55.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

56.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

57.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

58.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

59.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 59 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

60.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 60 of Plaintiff's Second Amended Complaint.

61.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

62.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 62 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

63.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 63 of Plaintiff's Second Amended Complaint.

64.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 64 of Plaintiff's Second Amended Complaint.  Furthermore, Defendant eHealth denies that it has ever misrepresented the price or cost of any drugs under any specific policy or otherwise.

65.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 65 of Plaintiff's Second Amended Complaint that it sells or has ever sold any policy to the Plaintiff or any other user of its website, although through its website eHealth does afford a mechanism whereby users can review available insurance policies and apply for coverage under those policies.  Furthermore, it is the insurance carriers who provide policies to those approved for coverage  --  not eHealth.

66.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 67 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

68.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 68 of Plaintiff's Second Amended Complaint with respect to Plaintiff's communications with Aetna or the Texas Department of Insurance with respect to

coverage of the drug Ambien CR under the Aetna Policy, and it therefore denies those allegations.

69.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 69 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

70.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 70 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

71.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 71 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

72.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 72 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

73.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 73 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

74.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 74 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

75.     Defendant eHealth lacks sufficient information to either admit or deny the allegations contained in paragraph 75 of Plaintiff's Second Amended Complaint, and it therefore denies those allegations.

76.    Defendant eHealth is individually responding to the allegations contained in paragraphs 1-130 of Plaintiff's Second Amended Complaint.

77.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 77 of Plaintiff's Second Amended Complaint.

78.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 78 of Plaintiff's Second Amended Complaint.

79.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 79 of Plaintiff's Second Amended Complaint.

80.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint, inclusive of all subparagraphs.

81.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint, inclusive of all subparagraphs.

82.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint, inclusive of all subparagraphs.

83.    Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint.

84.    Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

85.    Plaintiff's claim for breach of good faith and fair dealing is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to

the allegations set forth in paragraph 85.

86.     Plaintiff's claim for breach of good faith and fair dealing is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 86.

87.     Plaintiff's claim for breach of good faith and fair dealing is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 87.

88.     Plaintiff's claim for breach of good faith and fair dealing is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 88.

89.     Plaintiff's claim for breach of good faith and fair dealing is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 89.

90.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

91.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 91.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

92.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 92.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

93.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 93.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

94.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 94.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

95.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 95.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

96.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 96.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

97.     Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 97.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual

relationship.

98.    Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 98.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

99.    Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 99.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

100.    Plaintiff's claim for promissory estoppel is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 100.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, Defendant eHealth denies each and every, all and singularly, the allegations contained in that paragraph.  Further, Defendant eHealth denies that any claim for promissory estoppel can be asserted in this case by

virtue of the existence of the Aetna Policy expressly governing the parties' contractual relationship.

101. Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

102. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 102. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

103. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 103. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

104. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 104. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

105. Plaintiff's claim for breach of contract is not directed to and does not seek any

relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 105. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

106. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 106. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

107. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 107. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

108. Plaintiff's claim for breach of contract is not directed to and does not seek any relief from Defendant eHealth, who was not a party to the Aetna Policy. Accordingly, it is not required to respond to the allegations set forth in paragraph 108. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

109.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

110.     Plaintiff's claim for fraud is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 110.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

111.     Plaintiff's claim for fraud is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 111.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

112.     Plaintiff's claim for fraud is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 112.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

113.     Plaintiff's claim for fraud is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 113.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

114.     Plaintiff's claim for fraud is not directed to and does not seek any relief from

Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 114. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

115. Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

116. Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 116. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

117. Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 117. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

118. Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 118. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

119. Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in

paragraph 119. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

120.    Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 120. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

121.    Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 121. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

122.    Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 122. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

123.    Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth. Accordingly, it is not required to respond to the allegations set forth in paragraph 123. If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

124.     Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 124.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

125.     Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 125.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

126.     Plaintiff's claim for bad faith is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 126.  If and to the extent that Plaintiff is purporting to somehow include Defendant eHealth in said claim, however, either directly or indirectly, it denies each and every, all and singularly, the allegations contained in that paragraph.

127.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

128.     Plaintiff's claim for violations of the Affordable Care Act is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 128 of Plaintiff's Second Amended Complaint.

129.     Plaintiff's claim for violations of the Affordable Care Act is not directed to and does not seek any relief from Defendant eHealth.  Accordingly, it is not required to respond to the allegations set forth in paragraph 129 of Plaintiff's Second Amended Complaint.

130.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

131.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 131 of Plaintiff's Second Amended Complaint.  Moreover, Defendant eHealth denies that Plaintiff is entitled to recovery of any damages, exemplary or otherwise, or any other form of relief by reason of any act or omission of Defendant eHealth.

132.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

133.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 133 of Plaintiff's Second Amended Complaint.  Moreover, Defendant eHealth denies that Plaintiff is entitled to recovery of any damages, exemplary or otherwise, or any other form of relief by reason of any act or omission of Defendant eHealth.

134.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 134 of Plaintiff's Second Amended Complaint.  Moreover, Defendant eHealth denies that Plaintiff is entitled to recovery of any damages, exemplary or otherwise, or any other form of relief by reason of any act or omission of Defendant eHealth.

135.     Defendant eHealth is individually responding to each of paragraphs 1-138 of Plaintiff's Second Amended Complaint.

136.     Defendant eHealth denies each and every, all and singularly, the allegations contained in paragraph 136 of Plaintiff's Second Amended Complaint.  Moreover, Defendant eHealth denies that Plaintiff is entitled to recovery of any damages, exemplary or otherwise, or any other form of relief by reason of any act or omission of Defendant eHealth.

137.     Defendant eHealth denies that Plaintiff is entitled to recover any attorneys' fees or costs of suit on the basis of any of the claims asserted in this suit as alleged in paragraph 137 of Plaintiff's Second Amended Complaint.  Rather, as set forth hereinafter, Defendant eHealth affirmatively asserts that the Plaintiff is liable to and obligated to reimburse Defendant eHealth for all attorneys' fees and costs incurred by it in defending against the claim of violation of the Texas Deceptive Trade Practices – Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, *et seq*.) and for violation of the Texas Insurance Code for the reason that such claims were and are groundless, brought in bad faith, and/or brought for the purpose of harassment. *See*, Tex. Bus. Com. Code § 17.50(c) and Tex. Ins. Code Ann. § 541.153.

138.     Defendant eHealth denies that the Plaintiff is entitled to any damages of any kind or nature, attorneys' fees, costs, or any of the other relief whatsoever as prayed for in paragraph 138 of Plaintiff Second Amended Complaint, inclusive of all subparagraphs thereof.

## II.
## AFFIRMATIVE DEFENSES

Pleading further by way of defense, Defendant eHealth respectfully pleads the following defenses without assuming the burden of proof on such defenses that would otherwise rest on the Plaintiff and reserves its rights to assert additional defenses when, and if, appropriate:

139.     Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

140.     To the extent the benefits sought by Plaintiff are from an employee benefit plan that was and is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*., ERISA preempts any and all state law causes of action as to eHealth.

141.     The claims of the Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

142.    Plaintiff's claims against Defendant eHealth are in whole or in part barred by the doctrine of waiver and/or release.

143.    Plaintiff's claims against Defendant eHealth are in whole or in part barred by reason of Defendant eHealth's disclaimer of liability.

144.    Defendant eHealth denies that Plaintiff has met all conditions precedent to bringing this suit.  Defendant eHealth specifically denies that appropriate pre-suit notice was given in accordance with Texas law, and further denies Plaintiff's right to recover attorneys' fees, expenses, and costs in this action.  In the alternative, if the same be necessary, Defendant eHealth would show that any presentment of claim constitutes an excessive and unreasonable demand and, therefore, Plaintiff should be barred from any recovery of attorneys' fees and expenses.

145.    The claims asserted by the Plaintiff do not arise from any conduct by Defendant eHealth, but instead arise, if at all, out of the conduct, acts, and/or omissions of Plaintiff and/or the conduct, acts, or omissions of other parties to the suit for whose conduct or actions Defendant eHealth is not responsible, and such conduct, acts and/or omissions operate as the sole proximate and/or producing cause of Plaintiff's allegations and all of the injuries and damages claimed by Plaintiff.  Moreover, if and to the extent that Defendant eHealth is found to have any legal responsibility for any claim asserted by Plaintiff, such responsibility is strictly limited to and subject to offset and reduction by the proportionate responsibility or percentage of responsibility attributed to each of the parties to suit in accordance with the provisions of the Texas proportionate responsibility statute, Tex. Civ. Prac. & Rem. Code Ann. § 33.001, *et seq*

146.    Plaintiff's allegations are barred, in whole or in part, due to intervening and/or superseding and/or new and independent causes over which Defendant eHealth had no responsibility or control.

147.     Plaintiff's claims against Defendant eHealth are barred in whole or in part by the doctrine of ratification.

148.     Plaintiff's claims against Defendant eHealth are barred in whole or in part because of Plaintiff's actual knowledge and/or negligence.

149.     Plaintiff's claims against Defendant eHealth, as well as the damages sought to be recovered by virtue thereof, are barred in whole or in part because of Plaintiff's failure to mitigate his damages.

150.     Plaintiff failed to exhaust available administrative remedies and/or prerequisites.

151.     Defendant eHealth is a "provider of interactive computer service" pursuant to the provisions of the Communications Decency Act of 1996, 47 U.S.C. § 230(f)(2) ("Act"), not an "information content provider" of the carriers' policy information content included on its website as defined at 47 U.S.C. § 230(f)(3).  Accordingly, to the extent that the Plaintiff's claims are based upon the information provided by a content carrier provider (in this case Defendant Aetna), such claims are barred in accordance with the provisions of 47 U.S.C. § 230(e)(3) of the Act.

152.     Plaintiff's claims against Defendant eHealth are barred in whole or in part by virtue of the absence of causation in fact and/or that any conduct or act of Defendant eHealth was not the producing cause of any damage or injury to the Plaintiff.

153.     Defendant eHealth alleges that this suit may not be properly maintained as a class action because: (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues of fact or law do not predominate; (4) Plaintiff's claims are not representative or typical of the claims of the putative class; (5) Plaintiff is not a proper class representative; (6) Plaintiff and

alleged class counsel are not adequate representatives for the putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the alleged members of the putative class; and (9) the putative class is not ascertainable, nor are its alleged members identifiable.

154.    Defendant eHealth opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant eHealth's objections, then Defendant eHealth asserts the affirmative defenses set forth herein against each and every member of the certified class.

155.    Plaintiff's claims against Defendant eHealth are barred in whole or in part by reason of the absence of any reliance by the Plaintiff on any representation or alleged non-disclosure by Defendant eHealth.

156.    Plaintiff's claims against Defendant eHealth are barred in whole or in part by virtue of the absence of causation in fact and/or that any conduct or act of Defendant eHealth was not the producing cause of any damage or injury to the Plaintiff.

157.    Plaintiff's claims for damages and attorneys' fees are barred pursuant to the provisions of Tex. Bus. & Com. Code § 17.506(a)(2).

### III.
### COUNTERCLAIM

COMES NOW, the Defendant eHealth and for its counterclaim against the Plaintiff, Nicholas D. Mosser, alleges and states:

1.    Plaintiff's claims against Defendant eHealth for violation of the Texas Deceptive Trade Practices Act and/or the Texas Insurance Code are groundless, were brought in bad faith,

and/or were brought solely for the purpose of harassment of Defendant eHealth.

2.      Specifically, Plaintiff was either aware of, deliberately disregarded, or consciously ignored express disclosures, statements, limitations, and/or exclusions directly contradicting the purported false or misleading representations he alleges to have relied upon in support of his claims; Plaintiff was fully aware at the time of applying for coverage under the Aetna policy that he would be required to pay more than simply an applicable copay for his brand name prescription drugs when generic versions of the drugs were available based upon his experience with his pre-existing medical insurance carrier, directly contradicting the factual allegations made in support of the claims asserted against Defendant eHealth that he reasonably relied to his detriment on representations he would only be responsible for a copay; Plaintiff failed to follow the express recommendations of Defendant eHealth's representatives for ascertaining coverage of and required payments for his brand name prescription drugs, or to otherwise make any reasonable inquiry to ascertain said information, prior to applying for coverage under the Aetna Policy or any other policy; Plaintiff knew at the time of filing suit that all of the representations forming the basis for his claims were by Defendant Aetna, as the responsible insurance carrier, not Defendant eHealth; and Plaintiff knew or reasonably should have known that his claims against Defendant eHealth were neither factually supportable nor legally plausible.  Moreover, Plaintiff included Defendant eHealth as a party to the suit solely for the purpose of harassment to extort Defendant eHealth into paying a nuisance monetary amount for settlement, rather than incurring the costs of defense.

3.      Defendant eHealth is therefore entitled to recover from the Plaintiff its attorneys' fees and costs pursuant to the provisions of Tex. Bus. Com. Code § 17.50(c) and Tex. Ins. Code Ann. § 541.153.

# IV.
# CROSSCLAIM

COMES NOW, the Defendant eHealth and for its crossclaim against the Defendant, Aetna, alleges and states:

1.      At all times herein pertinent, Defendant eHealth was acting merely as an agent for Defendant Aetna in providing access to users of its website to information or content created by Defendant Aetna and provided to eHealth for inclusion on its website with respect to the insurance policies offered by Defendant Aetna, including the Aetna Policy at issue in this case. Defendant eHealth was contractually precluded from adding to or modifying any of the policy information provided by Defendant Aetna for review by those interested in potentially applying for coverage under any insurance policy offered by Defendant Aetna on Defendant eHealth's website.  None of the policy information relating to the Aetna Policy included on Defendant eHealth's website and forming the basis for any of Plaintiff's claims against Defendant eHealth was authored by Defendant eHealth.

2.      The claims asserted by Plaintiff against Defendant eHealth in this case are all based solely upon the policy information pertaining to the Aetna Policy provided to Defendant eHealth for inclusion on its website by Defendant Aetna.  Plaintiff alleges that said information was false or deceptive in certain respects, and/or that said information failed to disclose information necessary in order to make the statements made not misleading.  Plaintiff's claims against Defendant eHealth do not arise from any wrongful conduct, act, and/or omission by Defendant eHealth, but instead arise, if at all, out of the alleged wrongful conduct, acts, and/or omissions of Aetna regarding which Defendant eHealth had no control and for whose conduct or actions Defendant eHealth is not responsible.

3.    In accordance with the provisions of Tex. Bus. Com. Code §17.555, a person against whom an action has been brought for a violation of the Texas Deceptive Trade Practices Act may seek contribution or indemnity from one who, under the statute law or at common law, may have liability for the damaging event of which the consumer complains.  Section 17.555 further provides that "a person seeking indemnity as provided by this section may recover all sums that he is required to pay as a result of the action, his attorney's fees reasonable in relation to the amount of work performed in maintaining his action for indemnity, and his costs."

4.    Defendant eHealth denies that any of Plaintiff's allegations pertaining to the policy information contained on its website with respect to the Aetna Policy was false, misleading, or deceptive; that there is any validity to any of Plaintiff's claims and allegations in this case; or that there is any basis in law or fact to support any liability against it or Defendant Aetna.  In the event that the Plaintiff is held to be entitled to recovery of any damages alleged to have been incurred by the Plaintiff on any of the DTPA claims alleged in Plaintiff's Amended Complaint against Defendant eHealth by reason of the conduct, acts or omissions of Defendant Aetna, however, Defendant eHealth is entitled to contribution and/or indemnification from Defendant Aetna for any and all sums it is required to pay as a result of this lawsuit, as well as its reasonable attorneys' fees and costs herein incurred, pursuant to the provisions of Tex. Bus. & Com. Code Ann. § 17.555.

**WHEREFORE, PREMISES CONSIDERED,** Defendant eHealth respectfully prays that Plaintiff be denied class certification in accordance with Rule 23 of the Federal Rules of Civil Procedure over any of the claims asserted in this lawsuit; that, on final hearing hereof, the Court enter Judgment that Plaintiff take nothing by way of his claims and causes of action against Defendant eHealth; that Defendant eHealth receive judgment for and recover all costs of

suit and attorneys' fees and costs; that all costs of court be assessed against Plaintiff; that, in the event Plaintiff is found to be entitled to recovery of any damages from Defendant eHealth, judgment be entered on behalf of Defendant eHealth against Defendant Aetna for contribution and/or indemnification for all sums it is required to pay, as well as for recovery by Defendant eHealth of its reasonable attorneys' fees and costs; and for such other and further relief, general or special, to which Defendant eHealth may be justly entitled, either at law or in equity.

Respectfully submitted,

/s/ John A. Price
John A. Price
State Bar No. 16297700
Gwen E. Bhella
State Bar No. 24046632
CALHOUN BHELLA & SECHREST LLP
325 N. Saint Paul St., Suite 2300
Dallas, Texas 75201
Telephone: (214) 981-9200
Facsimile: (214) 981-9203

**ATTORNEYS FOR DEFENDANT EHEALTHINSURANCE SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following counsel of record, deemed to have consented to electronic service, are being served this 17th day of March, 2016, with a copy of this document via the Court's CM/ECF system:

Earl B. Austin
30 Rockefeller Plaza
New York, New York 10112
(212) 408-2564
(212) 259-2564 fax
earl.austin@bakerbotts.com

DEFENDANT EHEALTH'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    31

John B. Lawrence
2001 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6873
(214) 661-6873 fax
john.lawrence@bakerbotts.com

Nicholas D. Mosser
James C. Mosser
MOSSER LAW PLLC
2805 Dallas Parkway, Suite 222
Plano, Texas 75093
courtdocuments@mosserlaw.com

_/s/ John A. Price_____
John A. Price